Case Nos. 23-2966 and 23-2967
Consolidated with Case No. 23-2965

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

AUSTIN MICHAEL BEBER, JACKIE DAMON,
and  CODY ROACH,
*Plaintiffs/Appellees*
vs.
NAVSAV HOLDINGS, LLC
*Defendant/Appellant.*

Appeal of Preliminary Injunctions from
the United States District Court for the
District of Nebraska,
Honorable Brian C. Buescher
United States District Judge

## APPELLEES JACKIE DAMON'S AND CODY ROACH'S PETITION FOR PANEL REHEARING

KOLEY JESSEN P.C., L.L.O.
Gregory C. Scaglione, #19368
Timothy M. Young, #26880
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124
(t) (402) 390-9500
(f) (402) 390-9005
Greg.scaglione@koleyjessen.com
Tim.young@koleyjessen.com
Attorneys for Plaintiffs/Appellees

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ............................................................ 1

BACKGROUND .................................................................................. 3

ARGUMENT ...................................................................................... 5

I.     The merits of the first-filed rule were not raised in this appeal. ...................................................................................... 5

II.    This Court should not have addressed first-filed rule. .................. 8

   A. There is a question of fact as to whether NavSav waived the first-filed rule. ............................................................... 9

   B. Proceedings while this appeal was pending affected the first-filed analysis................................................................... 11

   C. The application of the first-filed rule involves fact questions that cannot be resolved by the current appellate record. ............ 13

III.   Failure to remand for further proceedings on the anti-suit injunctions will materially prejudice Roach's and Damon's rights................................................................................. 17

CONCLUSION ................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Now, Inc. v. Sw. Airlines Co.,*
    385 F.3d 1324 (11th Cir. 2004) ......................................................................6

*Baatz v. Columbia Gas Transmission, LLC,*
    814 F.3d 785 (6th Cir. 2016) .................................................................. 14, 16

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,*
    713 F.3d 71 (11th Cir. 2013) ....................................................................... 14

*Dataphase Sys., Inc. v. C.L. Sys., Inc.,*
    640 F.2d 109 (8th Cir. 1981) . App. 329, 750, 947 ...................... *passim*

*Deffenbaugh-Williams v. Wal-Mart Stores, Inc.,*
    188 F.3d 278 (5th Cir. 1999) ....................................................................... 12

*Garrett v. Lumpkin,*
    96 F.4th 896 (5th Cir. 2024) ......................................................................... 7

*Heisler v. Metro. Council,*
    339 F.3d 622 (8th Cir. 2003) ....................................................................... 13

*Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.,*
    787 F.3d 1237 (9th Cir. 2015) ................................................................ 14, 15

*Malat v. Riddell,*
    383 U.S. 569 (1966) ........................................................................................ 7

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,*
    675 F.2d 1169 (11th Cir. 1982) ................................................................... 12

*Ms. S. v. Regional Sch. Unit 72,*
    916 F.3d 41 (1st Cir. 2019) .......................................................................... 18

*NavSav Holdings, LLC v. Beber*,
No. 23-cv-290, 2024 WL 1329786 (E.D. Tex. Mar. 20, 2024) ................................................................................ 12

*Nw. Airlines Inc. v. Am. Airlines Inc.*,
989 F.2d 1002 (8th Cir. 1993) .................................................... *passim*

*Orthmann v. Apple River Campground Inc.*,
765 F.2d 119 (8th Cir. 1985) .......................................................... 9

*Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*,
626 F.3d 973 (7th Cir. 2010) .......................................................... 9

*Richards v. Jefferson Cty., Ala.*,
517 U.S. 793 (1996) ...................................................................... 17

*Saucillo v. Peck*,
25 F.4th 1118 (9th Cir. 2022) .................................................... 6, 7

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) ........................................................ 16

*Singleton v. Wulff*,
428 U.S. 106 (1976) .................................................................... 2, 5

*Smart v. Sunshine Potato Flakes, L.L.C.*,
307 F.3d 684 (8th Cir. 2002) ........................................................ 12

*Swinton v. SquareTrade, Inc.*,
960 F.3d 1001 (8th Cir. 2020) ........................................................ 9

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*,
819 F.2d 746 (7th Cir. 1987) ........................................................ 14

*Underwood v. Bank of Am. Corp.*,
996 F.3d 1038 (10th Cir. 2021) ...................................................... 7

*United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*,
920 F.2d 487 (8th Cir. 1990) .......................................................... 9

*United States v. Morrissey,*
895 F.3d 541 (8th Cir. 2018)........................................................ 10, 11

*Universal Title Ins. Co. v. United States,*
942 F.2d 1311 (8th Cir. 1991)........................................................ 6, 7

*Verisign, Inc. v. XYZ.COM LLC,*
891 F.3d 481 (4th Cir. 2018)............................................................ 7

*Vogt v. State Farm Ins. Co.,*
19 F.4th 1071 (8th Cir. 2021) ........................................................ 18

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.,*
910 F.3d 1118 (10th Cir. 2018)...................................................... 14

**Statutes**

28 U.S.C. § 1292 .............................................................................. 1

28 U.S.C. § 2111 ............................................................................ 17

**Other Authorities**

5 C.J.S. *Appeal & Error* § 1104, Westlaw (database updated
May 2024)...................................................................................... 17

5 C.J.S. *Appeal & Error* § 1122, Westlaw (database updated
May 2024)................................................................................... 7, 8

Fed. R. Civ. P. 12(b)(3) .................................................................. 10

Fed. R. Evid. 401 ........................................................................... 17

Fed. R. Evid. 402 ........................................................................... 17

## SUMMARY OF THE ARGUMENT

The issue of whether the first-filed rule should apply was never raised by NavSav Holdings, LLC ("NavSav") nor ruled on by the district court. The appellate record before this Court shows that NavSav acknowledged that it did not raise any venue, forum, or first-filed rule challenge during the injunction phase and instead stated on the record that those types of issues would be raised in its Motion to Dismiss or, in the Alternative, Motion to Transfer Venue ("Motion to Dismiss"). *See, e.g.*, App. 359, 1131; Beber R. Doc. 7, at p. 8. In NavSav's Motion to Dismiss and supporting briefs, it failed to argue the application of the first-filed rule. *See, e.g.*, Damon R. Doc. 10, 11, 36, 46. Because the first-filed rule was not raised and was thus waived by NavSav, Appellees Cody Roach ("Roach") and Jackie Damon ("Damon") did not submit arguments, authorities, and evidence showing why the first-filed rule should not apply. In the context of the Motion to Dismiss, the district court issued no order regarding the first-filed rule for this Court to review, and even if it had, this Court has no jurisdiction to review such an interlocutory order. 28 U.S.C. § 1292.

"It is the general rule, . . . , that a federal appellate court does not

consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). This Court *sua sponte* raised and held that Roach's and Damon's Nebraska lawsuits were later-filed suits to which no exception to the first-filed rule applied. Op., at p. 5. This Court erred by in effect denying Roach and Damon the opportunity to submit arguments, authorities, and evidence showing why the first-filed rule was waived by NavSav and otherwise inapplicable. Roach and Damon are not asking this Court to change its decision to vacate the preliminary and the anti-suit injunctions. Instead, they ask this Court to rehear and modify its Opinion *solely as to Roach and Damon* to remand to the district court the following issues so they can be decided with the benefit of properly raised issues supported by arguments, authorities, and evidence submitted by NavSav, Roach, and Damon: did NavSav waive the application of the first-filed rule by failing to raise and support it in its Motion to Dismiss; if it did not, whether the first-filed rule or an exception to that rule should apply; and if the first-filed rule was waived or otherwise inapplicable, whether anti-suit injunctions in favor of Damon and Roach should be issued.

<u>BACKGROUND</u>

This appeal implicates the procedural histories of four lawsuits.[1] First is *Beber v. NavSav Holdings, LLC*, that was originally filed by Austin Beber ("Beber") in Nebraska state court on June 23, 2023. App. 273; Beber R. Doc. 1-1, at p. 176. On June 26, 2023, NavSav filed suit in Texas state court against Beber, Roach, and Damon. App. 185; Beber R. Doc. 1-1, at p. 88. Roach and Damon then filed suits against NavSav in Nebraska state court on June 30, 2023, and July 7, 2023, respectively. App. 702, 873; Roach R. Doc. 1-1, at p. 246; Damon R. Doc. 1-1, at p. 246.

Both the Nebraska and Texas state courts issued temporary restraining orders ("TROs"). App. 462-72, 605-09; Roach R. Doc. 1-1, at pp. 6-16, 149-53. The Nebraska TROs included anti-suit injunctions. *See id.* All cases were subsequently removed to federal district court. App. 417-27, 454-55, 869-72; Beber R. Doc. 15-1; Roach R. Doc. 1; Damon R. Doc. 1.

On July 28, 2023, Beber and Roach sought to continue the state court TROs and further sought preliminary injunctions from the district

---

[1] As this matter involves three consolidated appeals, parallel citations to the district court dockets will be designated by the Appellees' last names.

court. App. 318, 739; Beber R. Doc. 4; Roach R. Doc. 6. Damon, meanwhile, sought a TRO and a preliminary injunction. App. 938; Damon R. Doc. 4. All TRO and preliminary injunction requests were argued under the factors set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109 (8th Cir. 1981) [hereinafter "*Dataphase*"]. App. 329, 750, 947; Beber R. Doc. 4, at p. 12; Roach R. Doc. 6, at p. 12; Damon R. Doc. 4, at p. 10. *See also* App. 361, 433, 776, 847, 947, 983, 1075, 1091-185; Beber R. Doc. 7, 16; Roach R. Doc. 8, 14; Damon R. Doc. 4, 9, 18.

The district court granted Beber's, Roach's, and Damon's requests for preliminary injunctive relief. In both orders, the district court examined all requests for injunctive relief under the *Dataphase* factors. App. 16-41, 60-89; Beber R. Doc. 25, at pp. 16-41; Damon R. Doc. 21, at pp. 14-43. The first-filed rule was not addressed.

NavSav appealed. App. 867, 1089; Roach R. Doc. 28; Damon R. Doc. 24. On appeal, it raised the issue of "[w]hether the [d]istrict [c]ourt erred in enjoining Defendant from making any further submissions, filings, or appearances in a Texas case between the same parties." Appellant's Statement of Issues on Appeal, at ¶ 6. The first-filed rule was not argued by NavSav as part of this alleged error. *See* Appellant's Opening Br., at

pp. 24-26. Nor was it raised by Appellees in their brief, *see* Appellee's

Opening Br., at pp. 20-23, or by NavSav in its reply. Appellant's Reply

Br., at pp. 7-9. Similarly, neither side raised the first-filed rule during

oral argument. All Parties relied on the *Dataphase* factors.

Instead, the first-filed rule was raised by this Court *sua sponte*

during NavSav's rebuttal. Appellees were not provided an opportunity to

respond. Consequently, this matter was taken under advisement, and

this Opinion was issued, without Appellees having an opportunity to

address the first-filed rule.

## ARGUMENT

### I.  THE MERITS OF THE FIRST-FILED RULE WERE NOT RAISED IN THIS APPEAL.

"It is the general rule, . . . , that a federal appellate court does not

consider an issue not passed upon below." *Singleton*, 428 U.S. at 120. As

the Eleventh Circuit recognized:

> The reason for this prohibition is plain: as a court of appeals,
> we review claims of judicial error in the trial courts. If we
> were to regularly address questions—particularly fact-
> bound issues—that districts court never had a chance to
> examine, we would not only waste our resources, but also
> deviate from the essential nature, purpose, and competence
> of an appellate court.

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). This Court deviated from the general rule here, however. It addressed the merits of the first-filed rule for the first time on appeal. Roach and Damon respectfully contend that it should not have reached this issue.

At the outset, it is important to identify what was properly before this Court on appeal. NavSav raised that the district court abused its discretion in issuing the anti-suit injunctions, albeit on different grounds. But because the applicable legal standard is solely a question of law, the issue of the appropriate legal standard for anti-suit injunctions was properly before this Court, and its implied holding that the district court abused its discretion in applying the wrong legal standard to Appellees' requests for anti-suit injunctions was proper. *See Universal Title Ins. Co. v. United States*, 942 F.2d 1311, 1314-15 (8th Cir. 1991) (recognizing that this Court can decided purely legal issues for the first time on appeal). *See also Saucillo v. Peck*, 25 F.4th 1118, 1129 (9th Cir. 2022) ("However, "'[a]pplying the incorrect legal standard is an abuse of discretion.'").

However, that conclusion represents the outer limits of what was properly before this Court. When an incorrect legal standard is applied, the appropriate remedy is usually to remand for further proceedings

under the appropriate standard. *See Malat v. Riddell*, 383 U.S. 569, 572 (1966). *Accord Saucillo*, 25 F.4th at 1133; *Garrett v. Lumpkin*, 96 F.4th 896, 900 (5th Cir. 2024); *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1056-57 (10th Cir. 2021); *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 486 (4th Cir. 2018).

There are exceptions to this rule. *See, e.g.*, *Universal Title Ins. Co.*, 942 F.2d at 1314-15.  But none apply here. Application of the first-filed rule and its exceptions to Roach's and Damon's cases raises novel factual questions. *See infra* Part II. These questions cannot be answered on the current appellate record, however, as the anti-suit injunctions were argued and decided solely on the *Dataphase* factors. And this Court has recognized that "the *Dataphase* factors are inapposite, since the question has nothing to do with the merits of the underlying controversy . . . ." *See Nw. Airlines Inc. v. Am. Airlines Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) [hereinafter "*Nw.*"]. Thus, the appellate record was wholly inadequate to address the merits of the first-filed rule.

As the first-filed rule was not properly raised on appeal to this Court, it should not have decided this issue *sua sponte* on appeal. Rather, it should have remanded the issue for further proceedings. *See* 5 C.J.S.

*Appeal & Error* § 1122, Westlaw (database updated May 2024) ("Where the facts in issue have not been fully developed or definitely settled, the appellate court in reversing will ordinarily order a new trial."). And this has prejudiced Roach and Damon by effectively depriving them of their right to procedural due process. *See infra* Part III.

## II. THIS COURT SHOULD NOT HAVE ADDRESSED FIRST-FILED RULE.

This Court should not have addressed the first-filed rule for three reasons: (1) there is an outstanding question of fact as to whether NavSav waived the first-filed rule; (2) proceedings during this appeal affected the first-filed analysis; and (3) application of the first-filed rule involves fact questions that cannot be resolved by the current appellate record.

A federal district court has the discretionary power to enjoin a party from proceeding with a later-filed federal court action. *See Nw.*, 989 F.2d at 1004. While the nature of such injunctive relief is usually preliminary, anti-suit injunctions "are not subject to the *Dataphase* standards for injunctive relief[]" "since the question has nothing to do with the merits of the underlying controversy[.]" *Id.*

Instead, anti-suit injunctions are governed by the first-filed rule.

*See United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487 (8th Cir. 1990). This rule is grounded in principles of federal comity and judicial efficiency in the face of concurrent cases. *See Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). *Accord Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1007 (8th Cir. 2020). Under the first-filed rule, the first court in which jurisdiction attaches has priority to consider the case absent compelling circumstances. *See Nw.*, 989 F.2d at 1005. "This first-filed rule 'is not intended to be rigid, mechanical, or inflexible,' [however], but is to be applied in a manner best serving the interests of justice." *Id.* (citation omitted). *See also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980-82 (7th Cir. 2010) (examining different circuit approaches).

### A. There is a question of fact as to whether NavSav waived the first-filed rule.

First, this Court should not have considered the first-filed rule because NavSav's conduct during the district court proceedings that occurred while this appeal was pending raises a significant factual question as to waiver.

While the first-filed rule's underlying policies touch on judicial

comity and efficiency, at its core it is a rule of venue. *See Nw.*, 989 F.2d at 1006 ("the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."). Defects in venue are waived if not timely raised by motion or responsive pleading. *See* Fed. R. Civ. P. 12(b)(3). Waiver is a question of fact. *See, e.g.*, *United States v. Morrissey*, 895 F.3d 541, 550-51 (8th Cir. 2018).

NavSav stated in the appellate record that it would raise the first-filed rule and other venue challenges as part of its then-pending Motion to Dismiss. *See, e.g.*, App. 359; Beber R. Doc. 7, at p. 8. Its strategic choice to do this brought the issue of venue outside of the scope of this interlocutory appeal. That is why the Motion to Dismiss and briefing was not in the appellate record before this Court and why Roach and Damon did not present evidence or argument on this issue.

NavSav then specifically chose not to raise the first-filed rule in its Motions to Dismiss and Answers, Beber R. Doc. 11, 13, 35, 38, 47; Roach R. Doc. 18, 19, 36, 39, 49; Damon R. Doc. 10, 11, 33, 36, 47, and the district court held that NavSav waived numerous venue defenses. Damon R. Doc. 38. Consequently, there is a significant outstanding question as to

whether NavSav waived application of the first-filed rule to Roach's and Damon's Nebraska cases. *See Morrissey*, 895 F.3d at 550 (recognizing that waived claims are unreviewable on appeal). Because this was outside of the scope of NavSav's appeal, Roach and Damon did not have an opportunity to present evidence and argument on this issue. Moreover, the fact question of waiver cannot be resolved on the current appellate record. They should thus be allowed an opportunity to be heard on this matter before the district court.

**B.** **Proceedings while this appeal was pending affected the first-filed analysis.**

Second, given subsequent events that occurred while this appeal was pending, it is unclear whether the first-filed rule still applies. Roach and Damon should be allowed to address the impact of this change in circumstances.

"The discretionary power of the federal court in which the first-filed action is pending to enjoin the parties from proceeding with a later-filed action *in another federal court* is firmly established." *Nw.*, 989 F.2d at 1004 (emphasis added). The application of the first-filed rule in concurrent state and federal court actions is not, however. *Compare*

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (applying the first-filed rule to a state court case), *with Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002). And this Court has suggested that other doctrines may take precedence under such circumstances. *See Smart*, 307 F.3d at 687.

All four cases were pending before federal courts when this appeal was filed. By its resolution, however, NavSav's Texas case had been remanded. While this occurred several months before this Court issued its opinion, *see NavSav Holdings, LLC v. Beber*, No. 23-cv-290, 2024 WL 1329786, at *13 (E.D. Tex. Mar. 20, 2024), it did not address this material factual development in the procedural histories of these cases. This resulted in an Opinion with remand instructions not fully applicable to the current state of the proceedings. Thus—as astutely noted by the Honorable Judge Kelly in her partial dissent—the appropriate remedy was to remand for further proceedings so the Parties could be heard on what impact, if any, the remand of the Texas case has on the applicable legal standard. *Cf. Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) ("When law changes in unanticipated ways during an appeal, however, this court will generally remand for a new

trial to give parties the benefit of the new law and the opportunity to present evidence relevant to that new standard.").

### C. The application of the first-filed rule involves fact questions that cannot be resolved by the current appellate record.

Third, this Court should not have addressed the first-filed rule and its exceptions because they raise questions of fact that were not developed as part of the current appellate record. As this Court has "repeatedly held," a court commits reversible error when it disposes of a matter on an issue neither raised nor discussed by the parties. *Cf. Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003) ("a district court commits reversible error when it grants summary judgment on an issue not raised or discussed by the parties."). While this proposition of law primarily arises at the district-court level, it holds equal force to non-jurisdictional issues on appellate review. "It is fundamentally unfair to the nonmoving party to require [him or] her to address issues not addressed by the moving party in anticipation that [a court] might rely on some unidentified issue . . . ." *See id.*

Here, no Party raised, argued, or submitted evidence in support of or in opposition to the first-filed rule. And in addressing the first-filed

rule, this Court treated it as rigid and inflexible: governed solely by the chronology of the pleadings and impliedly adhering to the idea that the parties need to be identical. *See* Op., at p. 5 (using the date each party's name first appears in a complaint as the filing date). That is not the applicable analysis, however. *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) ("Although a 'first to file' rule would have the virtue of certainty and ease of application, . . . the cost—a rule which will encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits—is simply too high.").

Other courts have overwhelmingly rejected such a rigid view. Rather, consistent with the rule's flexible nature, in conducting the analysis "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). *Accord Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018); *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 79 (11th Cir. 2013). Under these factors the parties and issues need

14

not be identical: It is sufficient if they are substantially similar. *See, e.g.*, *Kohn Law Group, Inc.*, 787 F.3d at 1240 ("Rather, the first-to-file rule requires only substantial similarity of parties. . . . The issues in both cases also need not be identical, only substantially similar.").

It is undisputed that Beber's case was chronologically the first-filed case. Under the flexible first-filed standard, Roach and Damon may be allowed to rely on Beber's filing date, notwithstanding that they were not parties to Beber's suit at the time of filing. All suits involve former employees of NavSav who left around the same time to work at the same new company. All suits also raise the enforceability of the provisions of identical "Non-Competition, Non-Solicitation, Confidential and Non-Disclosure Agreements." And NavSav does not dispute these similarities. In fact, it insinuates in its Third Amended Complaint in Texas state court that all Appellees were acting jointly because they resigned on the same day and were represented by the same legal counsel in post-employment discussions. App. 559; Roach R. Doc. 1-1, at p. 103. These substantial similarities are why Beber's, Roach's, and Damon's lawsuits were consolidated both on appeal and later before the district court.

Given the substantial similarities between the material facts and

15

issues raised in each case, Roach and Damon have a good-faith argument that they are entitled to rely on Beber's filing date for their first-filed analysis. *See cf. Baatz*, 814 F.3d at 790-91 (finding that putative class members were a substantially similar party notwithstanding that they were not parties to the suit pre-certification); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997). However, they were never given an opportunity to raise this issue and develop all material facts in support of this argument.

Moreover, the current appellate record cannot be used to determine if the compelling circumstances exception applies. Op., p. 5 ("No party shows 'compelling circumstances' that would except these cases from the first-filed rule."). In finding no compelling circumstances, this Court presumed that the absence of evidence in the record means that the Parties lacked sufficient evidence to show this exception. But, as already mentioned, during the district court proceedings the wrong and "inapposite" *Dataphase* factors were applied to the requests for anti-suit injunctions and NavSav's venue challenges were raised (and rejected or waived) as part of its later-filed Motions to Dismiss. It is inherent from the aforementioned circumstances that no evidentiary record would be

16

developed on this matter. *See* Fed. R. Evid. 401, 402. While Roach and Damon may or may not ultimately be able to show compelling circumstances, they should at least be provided with an opportunity to try before the district court. *See* 5 C.J.S. *Appeal & Error* § 1104, Westlaw (database updated May 2024) ("[A] case should not be reversed for failure of proof without remanding, unless the record indicates that the available essential evidence has been fully presented, and that no recovery can be had in any event.").

### III. FAILURE TO REMAND FOR FURTHER PROCEEDINGS ON THE ANTI-SUIT INJUNCTIONS WILL MATERIALLY PREJUDICE ROACH'S AND DAMON'S RIGHTS.

Finally, the above-referenced errors are not harmless. *See generally* 28 U.S.C. § 2111. Failure to issue the appropriate remedy will effectively deprive Roach and Damon of their right to procedural due process with no further avenues for relief.

"The opportunity to be heard is an essential requisite of due process of law in judicial proceedings." *Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 797 n.4 (1996). No such opportunity was provided here. The first-filed rule was raised for the first time during NavSav's rebuttal argument; Roach and Damon were not provided with an opportunity to

respond to this issue at oral argument; and no further briefing was requested on this issue. Thus, they had no opportunity to be heard on this matter.

However, they are still bound by this Court's first-filed determinations through the remainder of the proceedings under the law-of-the-case doctrine. "[T]his rule dictates that courts must follow decisions made in earlier proceedings to prevent the relitigation of settled issues in a case, thereby protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Vogt v. State Farm Ins. Co.*, 19 F.4th 1071, 1073-74 (8th Cir. 2021). And generally this doctrine applies not only to district courts, but to any subsequent appeals. *Ms. S. v. Regional Sch. Unit 72*, 916 F.3d 41, 47 (1st Cir. 2019) ("Another form of the doctrine binds successor appellate panels to holdings of earlier appellate panels.").

Here, this Court's first-filed analysis could have substantial impact on these lawsuits because of material differences in Nebraska's and Texas' policies towards post-employment covenants. Given the potential significance of the first-filed issue, Roach's and Damon's rights to procedural due process entitle them to an opportunity to be heard on this

matter. That was not provided. And this harm can only be cured by remanding this matter for further proceedings on the anti-suit injunctions.

## CONCLUSION

WHEREFORE Roach and Damon respectfully request that this Court grant their Petition, modify its Opinion, and remand their anti-suit injunctions for further proceedings on: whether NavSav waived the application of the first-filed rule; if it did not, whether the first-filed rule or an exception to that rule should apply; and if the first-filed rule was waived or otherwise inapplicable, whether anti-suit injunctions in favor of Damon and Roach should be issued.

Dated: October 15, 2024.

Respectfully submitted,


/s/ *Gregory C. Scaglione*
Gregory C. Scaglione, #19368
Timothy M. Young, #26880
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124
(t) (402) 390-9500
(f) (402) 390-9005
Greg.Scaglione@koleyjessen.com
Tim.Young@koleyjessen.com

Attorneys for Plaintiffs/Appellees

20

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 40(b)(1) and because it contains 3,873 words, excluding items not counted under Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen point Century font.

3. This brief has been scanned with antivirus software and is virus-free.

Dated: October 15, 2024.

/s/ *Gregory C. Scaglione*
Attorney for Plaintiffs-Appellees

<u>CERTIFICATE OF SERVICE</u>
FOR DOCUMENT FILED USING CM/ECF
Certificate of Service When All Case Participants Are CM/ECF
Participants

I hereby certify that on October 15, 2024, I electronically filed the

foregoing with the Clerk of the Court for the United States Court of

Appeals for the Eighth Circuit by using the CM/ECG system. I certify

that all participants are registered CM/ECF users and that service will

be accomplished by the CM/ECF system.

/s/ *Gregory C. Scaglione*
Attorney for Plaintiffs-Appellees